JAMES R. FELTON, ESQ. (State Bar No. 138767)
jfelton@gblawllp.com
G&B LAW, LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

Attorneys for Defendants
JL Jets, Inc, Lindsey Begnaud, Jude Dineen, James Sperry, David Ossa, Stephen Sink, Bianca Manica, Jerry Compton, Roya Arabi, and Pursuit Media Group, Inc. .

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JET GENIUS HOLDINGS, INC., a California corporation,

Plaintiff,

v.

JL JETS, INC., a Wyoming corporation d/b/a JUST LANDED JETS; LINDSEY BEGNAUD, an individual; JUDE DINEEN, an individual; JAMES SPERRY, an individual; DAVID OSSA, an individual; STEPHEN SINK, an individual; BIANCA MANICA, an individual; JERRY COMPTON, an individual; RYAN SARGENT, an individual; BRYAN GRIGORIAN, an individual; STACY BROWN, an individual; CHASEN DOBOS-BUBNO, an individual; ROYA ARABI, an individual; DEBORAH FOUTS, an individual; PURSUIT MEDIA GROUP, INC. a Nevada corporation; AVSOFT SOLUTIONS INC., a Florida corporation; JETSET CATERING, LLC, a California limited liability company; CONNECTIONVNY, LLC, a California limited liability company;

Defendants.

**CASE NO.:** 2:26-cv-08192-MWC-BFM

CASE ASSIGNED TO:
Judge Michelle Williams Court

**ANSWER TO COMPLAINT**

**Complaint Filed:** July 24, 2026

Defendants JL Jets, Inc, Lindsey Begnaud, Jude Dineen, James Sperry, David Ossa, Stephen Sink, Bianca Manica, Jerry Compton, Roya Arabi, and Pursuit Media Group, Inc. (the "Responding Parties" or "Defendants" or "Answering Defendants") answers the Complaint of Plaintiff Jet Genius Holdings, Inc. ("Jet Genius" or "Plaintiff") as follows:

## NATURE OF ACTION

1. The Responding Parties lack information or belief as to the allegations in paragraph 1 of the Complaint and based upon the lack of information and belief deny each of such allegations.

2. The Responding Parties deny the allegations in paragraph 2 of the Complaint.

3. The Responding Parties deny the allegations in paragraph 3 of the Complaint.

## TIMELINESS OF ACTION

4. The Responding Parties lack information or belief as to the allegations in paragraph 4 of the Complaint and based upon the lack of information and belief deny each of such allegations.

5. The Responding Parties lack information or belief as to the allegations in paragraph 5 of the Complaint and based upon the lack of information and belief deny each of such allegations.

6. The Responding Parties lack information or belief as to the allegations in paragraph 6 of the Complaint and based upon the lack of information and belief deny each of such allegations.

7. The Responding Parties lack information or belief as to the allegations in paragraph 7 of the Complaint and based upon the lack of information and belief deny each of such allegations.

G&B LAW

8. The Responding Parties lack information or belief as to the allegations in paragraph 8 of the Complaint and based upon the lack of information and belief deny each of such allegations.

9. The Responding Parties deny the allegations in paragraph 9 of the Complaint.

10. The Responding Parties lack information or belief as to the allegations in paragraph 10 of the Complaint and based upon the lack of information and belief deny each of such allegations.

11. The Responding Parties lack information or belief as to the allegations in paragraph 11 of the Complaint and based upon the lack of information and belief deny each of such allegations.

12. The Responding Parties deny the allegations in paragraph 12 of the Complaint.

**THE PARTIES**

13. The Responding parties admit the allegations set forth in paragraph 13 of the Complaint on page 5, lines 9 through 13. With reference to the remaining allegations in paragraph 13 of the Complaint, the Responding Parties deny such allegations.

14. The Responding parties admit the allegations set forth in paragraph 14 of the Complaint on page 5, lines 19 through 22. With reference to the remaining allegations in paragraph 14 of the Complaint, the Responding Parties deny such allegations.

15. The Responding parties admit the allegations set forth in paragraph 15 of the Complaint on page 6, line 3. With reference to the remaining allegations in paragraph 15 of the Complaint, the Responding Parties deny such allegations.

16. The Responding Parties deny the allegations in paragraph 16 of the Complaint.



GB LAW

17. The Responding parties admit the allegations set forth in paragraph 17 of the Complaint on page 6 and 7, lines 22 through 23. With reference to the remaining allegations in paragraph 17 of the Complaint, the Responding Parties deny such allegations.

18. The Responding Parties admit the allegations in paragraph 18 of the Complaint.

19. The Responding parties admit the allegations set forth in paragraph 19 of the Complaint on page 7, lines 10 through 13. With reference to the remaining allegations in paragraph 19 of the Complaint, the Responding Parties deny such allegations.

20. The Responding Parties admit the allegations in paragraph 20 of the Complaint.

21. The Responding Parties lack information or belief as to the allegations in paragraph 21 of the Complaint and based upon the lack of information and belief deny each of such allegations.

22. The Responding Parties lack information or belief as to the allegations in paragraph 22 of the Complaint and based upon the lack of information and belief deny each of such allegations.

23. The Responding Parties lack information or belief as to the allegations in paragraph 23 of the Complaint and based upon the lack of information and belief deny each of such allegations.

24. The Responding parties admit the allegations set forth in paragraph 24 of the Complaint on page 8 and 9, lines 25 through 28. With reference to the remaining allegations in paragraph 24 of the Complaint, the Responding Parties deny such allegations.

25. The Responding Parties lack information or belief as to the allegations in paragraph 25 of the Complaint and based upon the lack of information and belief deny each of such allegations.

26. The Responding parties admit the allegations set forth in paragraph 26 of the Complaint on page 9 and 10, lines 25 through 28. With reference to the remaining allegations in paragraph 26 of the Complaint, the Responding Parties deny such allegations.

27. The Responding parties admit the allegations set forth in paragraph 27 of the Complaint on page 10, lines 6 through 8. With reference to the remaining allegations in paragraph 27 of the Complaint, the Responding Parties deny such allegations.

28. The Responding Parties lack information or belief as to the allegations in paragraph 28 of the Complaint and based upon the lack of information and belief deny each of such allegations.

29. The Responding Parties lack information or belief as to the allegations in paragraph 29 of the Complaint and based upon the lack of information and belief deny each of such allegations.

30. The Responding Parties lack information or belief as to the allegations in paragraph 30 of the Complaint and based upon the lack of information and belief deny each of such allegations.

31. The Responding Parties deny the allegations in paragraph 31 of the Complaint.

**JURISDICTION AND VENUE**

32. The Responding Parties admit that this Court has subject matter jurisdiction over this matter. Except as expressly admitted, the Responding Parties deny the remaining allegations of paragraph 32 of the Complaint.

33. The Responding Parties deny the allegations in paragraph 33 of the Complaint.

34. The Responding Parties admit that venue is proper in this Court.

35. The Responding Parties admit that this Court has personal jurisdiction over the Responding Parties.



G&B LAW

## STATEMENT OF OPERATIVE FACTS

## I.

## JGH'S PRIVATE AVIATION BUSINESS

36. The Responding Parties lack information or belief as to the allegations in paragraph 36 of the Complaint and based upon the lack of information and belief deny each of such allegations.

37. The Responding Parties lack information or belief as to the allegations in paragraph 37 of the Complaint and based upon the lack of information and belief deny each of such allegations.

38. The Responding Parties lack information or belief as to the allegations in paragraph 38 of the Complaint and based upon the lack of information and belief deny each of such allegations.

## II.

## JGH'S PROTECTED PROPRIETARY AND TRADE SECRET INFORMATION

39. The Responding Parties lack information or belief as to the allegations in paragraph 39 of the Complaint and based upon the lack of information and belief deny each of such allegations.

40. The Responding Parties lack information or belief as to the allegations in paragraph 40 (A-E) of the Complaint and based upon the lack of information and belief deny each of such allegations.

41. The Responding Parties lack information or belief as to the allegations in paragraph 41 of the Complaint and based upon the lack of information and belief deny each of such allegations.

## III.

## THE DEFENDANTS AND THEIR ROLES

### A. JLJets

42. The Responding parties admit the allegations set forth in paragraph 42 of the Complaint on page 17, line7. With reference to the remaining allegations in paragraph 42 of the Complaint, the Responding Parties deny such allegations.

43. The Responding Parties deny the allegations in paragraph 43 of the Complaint.

44. The Responding parties admit the allegations set forth in paragraph 44 of the Complaint on page17, lines 19 through 24. With reference to the remaining allegations in paragraph 44 of the Complaint, the Responding Parties deny such allegations.

45. The Responding Parties deny the allegations in paragraph 45 of the Complaint.

46. The Responding Parties admit the allegations in paragraph 46 of the Complaint.

47. The Responding Parties deny the allegations in paragraph 47 of the Complaint.

48. The Responding Parties deny the allegations in paragraph 48 of the Complaint.

49. The Responding parties admit the allegations set forth in paragraph 49 of the Complaint on page 18, line 21. With reference to the remaining allegations in paragraph 49 of the Complaint, the Responding Parties deny such allegations.

50. The Responding Parties deny the allegations in paragraph 50 of the Complaint.

51. The Responding parties admit the allegations set forth in paragraph 51 of the Complaint on page 19, lines 3 through 9. With reference to the remaining



G&B LAW

allegations in paragraph 51 of the Complaint, the Responding Parties deny such allegations.

52. The Responding Parties deny the allegations in paragraph 52 of the Complaint.

53. The Responding Parties admit the allegations in paragraph 53 of the Complaint.

54. The Responding Parties deny the allegations in paragraph 54 of the Complaint.

55. The Responding Parties admit that Manica was Chief of Staff at JGFH as well at JL Jets on or about the dates mentioned in this paragraph.

56. The Responding Parties deny the allegations in paragraph 56 of the Complaint.

**B. <u>JetSet and ConnectionVNY</u>**

57. The Responding Parties lack information or belief as to the allegations in paragraph 57 of the Complaint and based upon the lack of information and belief deny each of such allegations.

58. The Responding Parties lack information or belief as to the allegations in paragraph 58 of the Complaint and based upon the lack of information and belief deny each of such allegations.

59. The Responding Parties lack information or belief as to the allegations in paragraph 59 of the Complaint and based upon the lack of information and belief deny each of such allegations.

60. The Responding Parties lack information or belief as to the allegations in paragraph 60 of the Complaint and based upon the lack of information and belief deny each of such allegations.

61. The Responding Parties lack information or belief as to the allegations in paragraph 61 of the Complaint and based upon the lack of information and belief deny each of such allegations.



G&B LAW

62. The Responding Parties lack information or belief as to the allegations in paragraph 62 of the Complaint and based upon the lack of information and belief deny each of such allegations.

63. The Responding Parties lack information or belief as to the allegations in paragraph 63 of the Complaint and based upon the lack of information and belief deny each of such allegations.

64. The Responding Parties lack information or belief as to the allegations in paragraph 64 of the Complaint and based upon the lack of information and belief deny each of such allegations.

**C. Brown Family Defendants**

65. The Responding Parties lack information or belief as to the allegations in paragraph 65 of the Complaint and based upon the lack of information and belief deny each of such allegations.

66. The Responding Parties lack information or belief as to the allegations in paragraph 66 of the Complaint and based upon the lack of information and belief deny each of such allegations.

67. The Responding Parties admit that Defendant Dobos- Bubno is the son of Defendant Brown and lack information or belief as to the allegations in paragraph 67 of the Complaint and based upon the lack of information and belief deny each of such allegations.

68. The Responding Parties lack information or belief as to the allegations in paragraph 68 of the Complaint and based upon the lack of information and belief deny each of such allegations.

**D. Accounting Defendants**

69. The Responding parties admit the allegations set forth in paragraph 69 of the Complaint on page 23, lines 9 through 10. With reference to the remaining allegations in paragraph 69 of the Complaint, the Responding Parties deny such allegations.



G&B LAW

70. The Responding parties admit the allegations set forth in paragraph 70 of the Complaint on page 23, lines 13 through 14. With reference to the remaining allegations in paragraph 71 of the Complaint, the Responding Parties deny such allegations.

71. The Responding Parties admit that Defendant Fouts served as HR/Payroll Manager at JGFH and lack information or belief as to the remaining allegations in paragraph 71 of the Complaint and based upon the lack of information and belief deny each of such allegations.

**E. Entity Defendants**

72. The Responding parties admit the allegations set forth in paragraph 72 of the Complaint on page 23, line 24. With reference to the remaining allegations in paragraph 72 of the Complaint, the Responding Parties deny such allegations.

73. The Responding Parties lack information or belief as to the allegations in paragraph 73 of the Complaint and based upon the lack of information and belief deny each of such allegations.

## IV.

## DEFENDANTS' INSIDER ACCESS TO JGH'S PROTECTED INFORMATION

74. 7The Responding Parties deny the allegations in paragraph 74 of the Complaint.

75. The Responding Parties deny the allegations in paragraph 75 of the Complaint.

76. The Responding Parties deny the allegations in paragraph 76 of the Complaint.

77. The Responding Parties deny the allegations in paragraph 77 of the Complaint.



G&B LAW

V.

**DEFENDANTS' DEPARTURE AND FORMATION OF COMPETING VENTURES**

78. The Responding parties admit in paragraph 78 that they departed their positions at JGFH and subsequently took roles at JL Jets. With reference to the remaining allegations in paragraph 78 of the Complaint, the Responding Parties deny such allegations.

79. The Responding Parties deny the allegations in paragraph 79 of the Complaint.

80. The Responding Parties admit that certain client lists were attached to three separation agreements executed on behalf of JGFH and binding upon JFGH and its affiliates including JGH whereby certain Respondents gave up significant monetary rights against JFGH and its affiliates which including JGH. Except as otherwise admitted, the Responding Parties deny the remaining allegations of paragraph 80 of the Complaint.

81. The Responding Parties deny the allegations in paragraph 81 of the Complaint.

VI.

**DEFENDANTS' NETWORK AND COORDINATED USE OF JGH'S ASSETS AND TRADE SECRETS**

82. The Responding Parties deny the allegations in paragraph 82 of the Complaint.

83. The Responding Parties deny the allegations in paragraph 83 of the Complaint.

84. The Responding Parties deny the allegations in paragraph 84 of the Complaint.

85. The Responding Parties lack information or belief as to the allegations in paragraph 85 of the Complaint and based upon the lack of information and belief deny each of such allegations.

**VII.**

**VOIDABLE TRANSFERS**

86. The Responding Parties deny the allegations in paragraph 86 of the Complaint.

87. The Responding Parties deny the allegations in paragraph 87 of the Complaint.

88. The Responding Parties lack information or belief as to the allegations in paragraph 88 of the Complaint and based upon the lack of information and belief deny each of such allegations.

**VIII.**

**UNJUST ENRICHMENT AND CONSTRUCTIVE TRUST**

89. The Responding Parties deny the allegations in paragraph 89 of the Complaint.

90. The Responding Parties deny the allegations in paragraph 90 of the Complaint.

**IX.**

**HARM TO JGH**

91. The Responding Parties deny the allegations in paragraph 91 of the Complaint.

92. The Responding Parties deny the allegations in paragraph 92 of the Complaint.

**FIRST CAUSE OF ACTION**

**(Violation of the Defend Trade Secrets Act)**

93. The Responding Party re-allege and incorporate by reference their responses to paragraphs 1 through 92 of this answer as though fully set forth herein.



G&B LAW

94. The Responding Parties admit that paragraph 94 of the Complaint alleges that conduct identified in the Complaint took place after May 11, 2016. The Responding Parties further admit that 18 U.S.C. § 1836(b)(1) speaks for itself. Except as otherwise admitted, the Responding Parties deny the allegations of paragraph 94 of the Complaint.

95. The Responding Parties deny the allegations in paragraph 95 of the Complaint.

96. The Responding Parties deny the allegations in paragraph 96 of the Complaint.

97. The Responding Parties deny the allegations in paragraph 97 of the Complaint.

98. The Responding Parties deny the allegations in paragraph 98 of the Complaint.

## SECOND CAUSE OF ACTION

## (Misappropriation of Trade Secrets)

99. The Responding Party re-allege and incorporate by reference their responses to paragraphs 1 through 98 of this answer as though fully set forth herein.

100. The Responding Parties deny the allegations in paragraph 100 of the Complaint.

101. The Responding Parties lack information or belief as to the allegations in paragraph 101 of the Complaint and based upon the lack of information and belief deny each of such allegations.

102. The Responding Parties deny the allegations in paragraph 102 of the Complaint.

103. The Responding Parties deny the allegations in paragraph 103 of the Complaint.



G&B LAW

**THIRD CAUSE OF ACTION**

**(Unfair Competition (B & P 17200))**

104. The Responding Party re-allege and incorporate by reference their responses to paragraphs 1 through 103 of this answer as though fully set forth herein.

105. The Responding Parties deny the allegations in paragraph 105 of the Complaint.

106. The Responding Parties deny the allegations in paragraph 106 of the Complaint.

107. The Responding Parties deny the allegations in paragraph 107 of the Complaint.

108. The Responding Parties deny the allegations in paragraph 108 of the Complaint.

**FOURTH CAUSE OF ACTION**

**(Voidable Transfer Under California Uniform Voidable Transactions Act)**

109. The Responding Party re-allege and incorporate by reference their responses to paragraphs 1 through 108 of this answer as though fully set forth herein.

110. The Responding Parties deny the allegations in paragraph 110 of the Complaint.

111. The Responding Parties deny the allegations in paragraph 111 of the Complaint.

112. The Responding Parties deny the allegations in paragraph 112 of the Complaint.

113. The Responding Parties lack information or belief as to the allegations in paragraph 113 of the Complaint and based upon the lack of information and belief deny each of such allegations.



G&B LAW

**FIFTH CAUSE OF ACTION**

**(Breach of Fiduciary Duty)**

114. The Responding Party re-allege and incorporate by reference their responses to paragraphs 1 through 113 of this answer as though fully set forth herein.

115. The Responding Parties deny the allegations in paragraph 115 of the Complaint.

116. The Responding Parties deny the allegations in paragraph 116 of the Complaint.

117. The Responding Parties admit, in response to paragraph 117 of the Complaint, that Arabi, as Controller, held supervisory authority over JGFH's general ledger and intercompany transfer records. Except as otherwise admitted, the Responding Parties deny the allegations of paragraph 117 of the Complaint.

118. The Responding Parties deny the allegations in paragraph 118 of the Complaint.

119. The Responding Parties deny the allegations in paragraph 119 of the Complaint.

120. The Responding Parties deny the allegations in paragraph 120 of the Complaint.

**SIXTH CAUSE OF ACTION**

**(Tortious Interference with Prospective Economic Advantage)**

121. The Responding Party re-allege and incorporate by reference their responses to paragraphs 1 through 120 of this answer as though fully set forth herein.

122. The Responding Parties lack information or belief as to the allegations in paragraph 122 of the Complaint and based upon the lack of information and belief deny each of such allegations.

123. The Responding Parties deny the allegations in paragraph123 of the Complaint.

124. The Responding Parties deny the allegations in paragraph 124 of the Complaint.

125. The Responding Parties deny the allegations in paragraph 125 of the Complaint.

**SEVENTH CAUSE OF ACTION**

**(Tortious Interference with Existing Contractual Relations)**

126. The Responding Party re-allege and incorporate by reference their responses to paragraphs 1 through 125 of this answer as though fully set forth herein.

127. The Responding Parties deny the allegations in paragraph 127 of the Complaint.

128. The Responding Parties deny the allegations in paragraph 128 of the Complaint.

129. The Responding Parties deny the allegations in paragraph 129 of the Complaint.

130. The Responding Parties deny the allegations in paragraph 130 of the Complaint.

131. The Responding Parties deny the allegations in paragraph 131 of the Complaint.

**AFFIRMATIVE DEFENSES**

These answering Defendants plead the following affirmative defenses, without admitting any of the allegations in the Complaint or any other liability, and without assuming any burden of proof not imposed by law. By alleging the affirmative defenses below, Defendants do not, by stating the matters in these defenses allege or admit that it has the burden of proof or persuasion as to any matters. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

G&B LAW

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1. As a separate and affirmative defense to the Complaint herein and to each purported cause of action thereof, these answering Defendants allege that the Complaint herein, and each purported cause of action thereof, fails to state facts sufficient to constitute a cause of action against these answering Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

2. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims, and each of them, are barred by the doctrine of accord and satisfaction. Prior to the commencement of this action, a dispute arose between Plaintiff and its affiliates and Defendants regarding the amount due and owing to various Defendants by Plaintiff and its affiliates. Defendants offered, and Plaintiff accepted, to waive all consideration owed by Plaintiff to Defendants in consideration of execution of a separation agreement and the turnover of certain client lists in full and final settlement of the disputed claims. Defendants fully performed and executed this new agreement, thereby extinguishing the original obligation and discharging Defendants from any further liability to Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

**(Readily Ascertainable / Public Domain)**

3. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims for trade secret misappropriation are barred, in whole or in part, because the alleged trade secrets were generally known to the public or to other persons in the industry or were readily ascertainable by proper means at the time of the alleged acquisition, use, or disclosure.

G&B LAW

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Take Reasonable Secrecy Measures)**

4. As a separate and distinct affirmative defense, Defendants allege that the information at issue does not qualify as a trade secret under California law because Plaintiff failed to make efforts that were reasonable under the circumstances to maintain its secrecy.

**FIFTH AFFIRMATIVE DEFENSE**

**(Independent Development)**

5. As a separate and distinct affirmative defense, Defendants allege that they did not misappropriate any alleged trade secret because the underlying information, processes, or materials were independently developed, compiled, or discovered by Defendants through their own independent research, labor, and expertise, entirely free from the use of Plaintiff's information.

**SIXTH AFFIRMATIVE DEFENSE**

**(Lawful Acquisition / Reverse Engineering)**

6. As a separate and distinct affirmative defense, Defendants allege that their acquisition, use, or disclosure of the alleged trade secret was entirely lawful, as the information was obtained through proper means, including reverse engineering, independent testing, or from public domain materials.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Reasonable Particularity)**

7. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claim for trade secret misappropriation is barred because Plaintiff has failed to identify its alleged trade secrets with reasonable particularity as strictly required by California Code of Civil Procedure Section 2019.210 and which this Court may incorporate by reference.



G&B LAW

## EIGHTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

8. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's cause of action for trade secret misappropriation is barred by the applicable three-year statute of limitations pursuant to California Civil Code Section 3426.6 (Trade Secret), because the alleged misappropriation was discovered, or through the exercise of reasonable diligence should have been discovered, more than three years prior to the filing of the Complaint. Defendants allege that Plaintiff's claim for relief under California Business and Professions Code section 17200 et seq. is barred, in whole or in part, by the applicable statute of limitations set forth in California Business and Professions Code section 17208. The causes of action alleged in the Complaint accrued, if at all, more than four (4) years prior to the filing of Plaintiff's Complaint. Defendants allege that Plaintiff's claims are barred by the applicable statute of limitations and statute of repose set forth under California Civil Code Section 3439.09. Plaintiff failed to commence this action within four (4) years after the subject transfer was made or obligation was incurred, or within one (1) year after the transfer or obligation was or could reasonably have been discovered by the Plaintiff, or within any other applicable statutory time limitation set forth by law. Defendants allege that Plaintiff's Cause of Action for Breach of Fiduciary Duty is barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure section 343 [and/or section 338(d) if the claim is based on fraud/constructive fraud]. The underlying acts, omissions, or alleged breaches upon which Plaintiff's claim is predicated occurred more than four years [and/or three years] prior to the filing of the Complaint, and Plaintiff knew, or through the exercise of reasonable diligence should have known, of the facts constituting the alleged breach more than four years [and/or three years] prior to initiating this action. Finally, Defendants allege that Plaintiff's claims for intentional interference with prospective economic advantage and claim for interference with existing contractual relationship is barred by the applicable two-year statute of



G&B LAW

limitations pursuant to California Code of Civil Procedure Section 339(1) because the alleged economic disruption and resulting injury occurred, or reasonably should have been discovered, more than two years prior to the filing of this action.

**NINTH AFFIRMATIVE DEFENSE**

**(Rejection of Inevitable Disclosure / CUTSA Preemption)**

9. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims fail to state facts sufficient to constitute a cause of action because they rely on the inevitable disclosure doctrine, which is rejected under California public policy and law, and Plaintiff fails to allege any actual or threatened improper acquisition, use, or disclosure.

**TENTH AFFIRMATIVE DEFENSE**

**(California Business and Professions Code section 17200)**

10. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claim for relief under California Business and Professions Code section 17200 et seq. is barred, in whole or in part, by the safe-harbor doctrine. The business practices challenged by Plaintiff are explicitly permitted, authorized, or declared lawful California state or Federal statute.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim (No Underlying Violation))**

11. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claim for relief under the "unlawful" prong of California Business and Professions Code section 17200 et seq. fails because it is entirely derivative of the underlying statutory claims alleged in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

12. As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claim for relief is barred under the equitable doctrine of unclean hands. Remedies under the UCL are strictly equitable in nature. Plaintiff is barred from seeking



G&B LAW

equitable relief because Plaintiff engaged in inequitable, unconscionable, or wrongful conduct directly related to the transaction at issue.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing / No Injury-in-Fact)**

13. As a separate and distinct affirmative defense, Defendants allege that Plaintiff lacks standing to maintain an action under California Business and Professions Code section 17200 et seq. Plaintiff has not suffered an injury-in-fact and has not lost money or property as a direct and proximate result of the alleged unfair competition, as strictly required by California Business and Professions Code section 17204.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith and Reasonably Equivalent Value — Cal. Civ. Code § 3439.08(a))**

14. Answering Defendants are informed and believe, and thereon allege, that the Cause of Action for Voidable Transfer is completely barred as to these Defendants. Defendants received the property and/or interest that is the subject of Plaintiff's Complaint in objective good faith and in exchange for reasonably equivalent value. At the time of the transfer, Defendants had no knowledge of, nor participation in, any alleged fraudulent intent of the debtor, nor did Defendants possess knowledge of any facts sufficient to put a reasonable person on inquiry notice of the debtor's insolvency or intent to hinder, delay, or defraud creditors.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Preference of Legitimate Pre-Existing Debt — Cal. Civ. Code § 3432)**

15. Answering Defendants are informed and believe, and thereon allege, that Plaintiff's claim is barred because the challenged transfer was made to satisfy a legitimate, real, and bona fide antecedent debt owed by the debtor to these Defendants. Under California Civil Code Section 3432, a debtor may validly pay or prefer one legitimate creditor over another, and such an allocation of funds or property to clear a true pre-existing obligation is legally permitted and cannot form the basis of a voidable transfer claim under the California Uniform Voidable Transactions Act (UVTA).



G&B LAW

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Transfer of Exempt Property — No Prejudice to Creditor)**

16. Answering Defendants are informed and believe, and thereon allege, that Plaintiff's cause of action fails because the asset or property that is the subject of the challenged transfer constituted legally exempt property under California law at the time of the transfer. Because the property was fully protected or exempt from execution, attachment, or the reach of unsecured creditors, the transfer of said asset did not diminish the estate available to general creditors or otherwise prejudice Plaintiff's legal rights to collect.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action — Lack of Insolvency)**

17. Answering Defendants allege that the Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against these Defendants. Specifically, for any claim sounding in constructive voidable transfer, Plaintiff has failed to plead or establish that the debtor was insolvent at the time of the transfer, or that the debtor was rendered insolvent as a direct result of the transfer, as strictly required by California law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Privilege of Fair Competition)**

18. Defendants are informed and believe, and thereon allege, that Plaintiff's claim for intentional interference with prospective economic advantage is barred, in whole or in part, by the privilege of fair competition. At all times mentioned in the Complaint, Defendants and Plaintiff were competitors in the marketplace. Any conduct undertaken by Defendants were motivated by legitimate business purposes, namely to secure customers and market share, and was carried out through fair, lawful, and ordinary competitive means without any independently wrongful act, thereby making Defendants' conduct privileged.



G&B LAW

## NINETEENTH AFFIRMATIVE DEFENSE

**(Failure to Allege an Independently Wrongful Act)**

19. Defendants allege that Plaintiff's claim for intentional interference with prospective economic advantage is barred because Defendants' alleged conduct was not **independently wrongful**. Plaintiff has failed to plead or prove that Defendants engaged in any conduct that was prohibited by a constitutional, statutory, regulatory, common law, or other determinable legal standard apart from the alleged interference itself. Defendants' actions constituted permissible, non-tortious business practices.

## TWENTIETH AFFIRMATIVE DEFENSE

**(Ratification and Consent)**

20. Answering Defendants alleges that Plaintiff is barred from relief because Plaintiff, with full knowledge of the material facts, explicitly consented to and **ratified the acts and conduct** of Answering Defendants and retained the resulting financial benefits.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Lack of Proximate Causation / No Harm)**

21. Answering Defendants allege that Plaintiff's recovery is barred because no acts or omissions of Answering Defendants proximately caused such damage.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Estoppel)**

22. As a separate and affirmative defense to the Complaint herein and to each purported cause of action thereof, these Answering Defendants allege that Plaintiff, by their conduct and that of their agents, among other things, Plaintiff's misappropriation of Defendants' confidential information and use of the confidential information to compete directly with Defendants' business, in which Plaintiff was not only an employee, but also an officer and shareholder, Plaintiff is estopped from pursuing any claims against this answering Defendants.



G&B LAW

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Setoff)**

23. As a separate and affirmative defense to the Complaint herein and to each purported cause of action thereof, this answering Defendants alleges that Plaintiff's recovery, if any, should be setoff by money owed by Plaintiff to these Answering Defendants for, among other things, Plaintiff's misappropriation of Defendants' confidential information and use of the confidential information to compete directly with Defendants' business, in which Plaintiff was not only an employee, but also an officer and shareholder.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

24. As a separate and affirmative defense to the Complaint herein and to each purported cause of action thereof, these Answering Defendants alleges that Plaintiff, by their conduct and that of their agents, has waived any claims they have against these Answering Defendants by intentional relinquishment of a known right after knowledge of the facts. Waiver is also the result of Plaintiff's conduct, including, without limitation, Plaintiff's misappropriation of Defendants' confidential information and use of the confidential information to compete directly with Defendants' business, in which Plaintiff was not only an employee, but also an officer and shareholder, which is so inconsistent with the intent to enforce the right in question as to induce a reasonable belief that such right has been relinquished. Once waived, a right is permanently lost.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Right to Assert Additional Defenses)**

25. As a separate and affirmative defense to the Complaint herein and to each purported cause of action thereof, these Answering Defendants have insufficient knowledge or information upon which to form a belief as to whether or not it may have additional affirmative defenses. These Answering Defendants thus reserve the right to assert additional affirmative defenses upon acquiring such information or knowledge.



G&B LAW

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of their Complaint herein;

2. For all costs of suit incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

DATED: September 30, 2026 G&B LAW, LLP

By:____________________

JAMES R. FELTON, ESQ.
Attorneys for Defendants
JL Jets, Inc, Lindsey Begnaud, Jude Dineen, James Sperry, David Ossa, Stephen Sink, Bianca Manica, Jerry Compton, Roya Arabi, and Pursuit Media Group, Inc.

G&B LAW

## CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is **16000 Ventura Boulevard, Suite 1000, Encino, California 91436**.

This is to certify that on September 30, 2026, I electronically filed the foregoing **ANSWER TO COMPLAINT** using the Court's CM/ECF filing system which sends notification of such filing to all parties and/or counsel of record addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail at 16000 Ventura Boulevard, Suite 1000, Encino, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 16000 Ventura Boulevard, Suite 1000, Encino, California. The envelope was deposited with delivery fees thereon fully prepaid.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 30, 2026, at Encino, California.

Andrea Contreras



G&B LAW

G&B LAW

## SERVICE LIST

- **Daniel Kessler** dkessler@bkcglaw.com, jmateo@bkcglaw.com, cadorner@bkcglaw.com, afrljuckic@bkcglaw.com
- **Michael Oberbeck** moberbeck@bkcglaw.com